the appellant in this case. As I pointed out in my brief, I think that this, the issue in this case, centers around two of the earlier decisions by this Court, that is, the DeMeers decision and the Rojas-Milan decision. And the question is, is whether or not the Court below adequate, adequate, adequate, adequate, adequate, adequate, adequately applied the mitigating role adjustment provisions of the United States sentencing guidelines. Taken together, both the Rojas-Milan decision and the DeMeers decision basically say this, that a court must review a defendant's role in the offense and compare that role with others involved in that offense. And the others involved in that offense don't necessarily have to go to trial with the defendant, they don't necessarily have to be charged with the defendant, they don't necessarily even have to be arrested. So what we have in this case is we have Don Yates, who became romantically involved with, I think it's fair to say, a rather large-scale dealer. She became involved with him in July or August during the summer, and as a result of that romantically, she became involved with him in his illegal activities. Her involvement in this whole drug trafficking scheme spanned two months roughly. She knew because she was from around Great Falls, in other context, Mr. Ramos-Ramos, her boyfriend at the time, one of his suppliers. Mr. Ramos-Ramos and that's distributor had a falling out, and as a result, Mr. Ramos-Ramos didn't want to deal directly with that distributor any longer. The supplier, the distributor rather, as a result decided to go through Ms. Yates to receive his drugs from Mr. Ramos-Ramos. She took some phone calls. Mr. Ramos-Ramos, who had the connection in Washington to get the drugs, who had the money to buy the drugs. And she knew that she was engaging in drug transactions when she participated in those phone calls. She agreed to be the go-between. She knew exactly what she was doing. She did, yes, yes. But the question is whether or not that conduct, when compared with others involved in this drug conspiracy, should be considered at least minor for a two-point role adjustment. And when you compare her activity, and that is basically taking phone calls from this drug distributor and passing on the messages on to her boyfriend, Mr. Ramos-Ramos, when you compare that activity to the activity of Mr. Ramos-Ramos, as well as his suppliers in Washington, as well as his numerous distributors around the Great Falls area. That's not in the record. And isn't that the problem? I mean, what the record shows is Ramos-Ramos and Bromley. She was a go-between between the two. Right? But there's nothing in the record that was before the district court that said, well, yes, but they were part of a conspiracy. This isn't a conspiracy case. It's possession with intent to distribute. So there's nothing before the court that shows who else was involved and where the tentacles went. Is there? Well, there was. There was through Ms. Yates' sentencing memorandum. Ms. Yates presented that through her sentencing memorandum. That was never contested by the government. The government filed a response and argued the case on the legal merits, but they never, ever disputed the facts that were set forth in the sentencing memorandum that were derived from the discovery that was provided by the government. There was some source of drugs in Washington. Yeah. And that was set forth in the sentencing memorandum, and that came out of the debriefing of Mr. Ramos-Ramos, who said the same thing. Let me phrase my question a little differently. What was there in the record before the district court that would have allowed him to make a specific comparison among any people other than Ramos and Bromley? Well, there was in the defendant's sentencing memorandum, there was discussion derived from the discovery about Mr. Ramos-Ramos' suppliers in Washington, those being Carlos and Rolando. There was discussion about where Mr. Ramos-Ramos would distribute his drugs when he went to Great Falls, and that was to an Audrey Lemire, who received, I think it was about 12 pounds. There was a Dan Lemire who allowed and facilitated Mr. Ramos-Ramos' drug-dealing activities by allowing Mr. Ramos-Ramos to deal from his home. The discovery indicated that he received about a pound, which was resold from Mr. Ramos-Ramos. My point is that these should have been taken into account under Rojas-Milan or the purpose of comparative. Right. Right. Well, why don't we hear from the government and see what they say about that. Maybe you can reserve your time. May it please the Court, Your Honors. My name is Chris McLean. I'm filling in for Laurie Suk in this argument. And it's, I think, important for us to note at the beginning of my comments, the standard of review here is clear error. And I don't think it can be credibly argued that the record in this case and Judge Haddon's decision to deny Ms. Yates the minor participant reduction is clear error. Well, clear error on the facts, but if he applied the wrong standard, we could have a look at that. And he specifically said, didn't he, that he was looking solely to the conduct of the defendant? Well, if we look at page 16 and 17, where he's making his rulings, it's actually pages 24 and 25 of the excerpts of record. He starts out and he says, well, I'm going to make my findings on the issue of adjustment downward based upon the arguments Mr. Ness made earlier. And in that sentencing hearing, Mr. Ness did go on at length, describing this much larger conspiracy that he sets forth in his sentencing memorandum. So Judge Haddon had all that information and indicates here at this sentence that he is considering. He had that information. That was the point that Mr. Ness brought out. He had that information, but he limited his consideration to the conduct of the defendant only. Well, maybe he used that wrong phrase there. But if you look at his entire ruling, which goes over these two pages, it indicates that he, in fact, did consider all of Mr. Ness's arguments, the facts that Mr. Ness set forth, and then says, this is not a case. It's my determination that this is not an appropriate case based upon the facts before me and looking solely to the conduct of the defendant for this Court to exercise its discretion to reduce the offense level based on minor participant. And that really does go along with what the guidelines say about minor participants. It's supposed to be used rarely. It's supposed to be an exceptional circumstance that warrants this departure of this adjustment. The defendant, in fact, has the burden by preponderance of the evidence to obtain the adjustment. And in this case, Ms. Yates was not just a courier, as we see in many of the cases where a minor participant has been affirmed by this Court. She was not just a courier like Mr. Rojas Millan. She was actually the person that Bromley contacted when he wanted drugs. She would get a hold of Ramos, and Ramos would hook up with her, and they would go to meetings together. In the three instances in this case, she was actually the person that transferred the drugs first to Bromley and then to the undercover officer. And I think it's worth noting in the record that when she was arrested during the last transaction on September 4th, inside her purse was not just drugs but also notes with names and amounts of money, indicating that she had some role in keeping track of either who owed the drug dealer's money or who had paid money. She was certainly more than a courier in these cases. We characterize her as the marketer. No question, Ramos was the big supplier. But Ms. Yates was certainly a very important cog in this wheel of distributing the drugs throughout the time alleged in the charging document. Let me ask you a question. This is a possession case, and she was not stuck with any relevant conduct so far as quantity is concerned, and yet, curiously enough, is arguing for that very relevant conduct to be taken into account with respect to her status as a minor or minimal participant. It strikes me as being somewhat of an odd construct. How do you see that factoring in to what the judge actually did here? We point out, and we agree with you, Judge Reimer, in our brief, that it seems inconsistent for her to argue successfully that all those drugs and the big conspiracy should not be counted against her in calculating her guideline range, yet she wants all those participants to be considered by courts in determining whether she's a minor participant. We do find that inconsistent and incorrect. That might be precisely how Judge Haddon was looking at it. I can't tell from this record, but it does seem clear from the record that he listened to Mr. Ness, and he reviewed that sentencing memorandum and the information that was contained in it concerning these other participants, decided that he was not going to exercise his discretion and grant the minor participant reduction. He didn't go through any of the criteria that are set out in the guideline. Isn't that a problem? I really don't think it is. I mean, we're talking about a charging document that sets forth two people possessing methamphetamine with intent to distribute for this two-month period from August through September, and she participated in three transactions that we know of, and in those transactions, she was the person that was setting up the meeting locations and arranging for the drug dealer to be present. That's just not something that comports with the definition of minor participant in the guidelines. She's less culpable than Ramos, for example, but she's not. She was very actively involved in these transactions, and it seems clear that Judge Haddon was correct when he determined in his discretion he was not going to award a two-level decrease for minor participant. Anything further? That's all I have, Your Honor. Thank you. We'll hear from Mr. Ness. You have some reserved time. I think two points need to be made clear, and the first point has to do with whether or not Judge Haddon considered the full scope of the argument I made, and I think it's clear that he didn't. And, in fact, he rejected the scope of my argument, that is, dealing with others that were involved in, for lack of a better term, this drug conspiracy. And he says that repeatedly in his findings. He says, for example, I limit my findings to those matters involving the drugs that are acknowledged to have been involved in this case. They're set forth in paragraphs 15, 16, 18, and 19 of the pre-sentence report. He says clearly that, based upon the facts before me, and looking solely to the conduct of the defendant for this court, it would not exercise its discretion to reduce the offense level. And he made other statements along the same lines. What Judge Haddon did was he committed basically the same error that was committed in the Webster case. He would not review any of the facts. He did not consider any of the facts about any of these other persons' involvement. With respect to the question of whether or not Ms. Yates is trying to have it both ways, that is, that she's trying not to be held liable for all of the relevant conduct, but she wants this role reduction, I think two points need to be made clear. First, because of her limited involvement, and I mean in a temporal sense, the limited involvement where she became involved in this thing in August and they were arrested by September, it appears to me that she was held responsible for all of the drugs with which she was involved with during that period of time. She didn't enter the conspiracy until the conspiracy had been going on for seven months and the conspiracy terminated. And she was, in fact, held responsible for all of those drugs. In fact, her base offense level was the same as Mr. Ramos-Ramos. The second is, is whether or not it gives a defendant sort of an unfair bite at the apple. But I think that that question was resolved in the Demeers case. In the Demeers case, Mr. Demeers entered into a plea agreement where he was held responsible only for, I forget, it was less than 50 grams of cocaine. The conspiracy actually involved quite a bit more than that. And the district court Judge Lovell in that case basically made the same point that you were making, Judge Reimer, and that is, how can I get this person mitigating role adjustment when he's only being held responsible for the drugs that he was involved with? And what this Court did was reversed and said no. Any case involving possession in the minor role? Involving possession? I know it's not precluded, but I'm just interested in how it plays out when it's a possession with intent to distribute case, not a conspiracy case. That's what Mr. Demeers pled guilty to as well. It was, it was, it was possession with intent to distribute. And I think even the guideline in the commentary, it, it, it, right. Okay. And I think that's all I have, unless there's any other questions. Thank you. The case just argued will be submitted for decision, and we will hear argument in the United States v. Bruce. Thank you.
judges: O'scannlain, Rymer, Bybee